FILED

**NOT FOR PUBLICATION**

JUN 26 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

LYNN SORENSON,

Plaintiff-Appellant,

v.

CITY OF CALDWELL, a political
subdivision of the State of Idaho and CITY
OF CALDWELL DEPARTMENT OF
PARKS AND RECREATION,

Defendants-Appellees.

No.    15-35718

D.C. No.  1:14-cv-00221-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Argued and Submitted June 15, 2017
Seattle, Washington

Before:  BYBEE, M. SMITH, and CHRISTEN, Circuit Judges.

Lynn Sorenson appeals the district court's order granting summary judgment

in favor of defendants City of Caldwell and City of Caldwell Department of Parks

and Recreation (collectively, Caldwell), on his claims for constructive discharge

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and retaliatory discharge under the Age Discrimination in Employment Act (ADEA) and the Idaho Human Rights Act (IHRA).[1] We have jurisdiction under 28 U.S.C. § 1291 and "review *de novo* a district court's grant of summary judgment." *Montero v. AGCO Corp.*, 192 F.3d 856, 860 (9th Cir. 1999). We affirm in part, reverse in part, and remand.

1.     The district court erred by granting summary judgment to Caldwell on Sorenson's constructive discharge claim. Sorenson presented evidence that: (1) he was subjected to years of age-related harassment by a supervisor, Ken Wheeler; (2) Caldwell officials did not act upon Sorenson's regular complaints about the harassment; (3) Wheeler violated a directive not to communicate directly with Parks employees like Sorenson, by yelling age-related comments and striking another coworker in front of Sorenson; (4) Caldwell did not terminate Wheeler after this incident, even though a Caldwell official's comments acknowledged that Wheeler might act violently again; and (5) Sorenson resigned one month after reporting this incident and four days after he learned Wheeler would still be working near Sorenson and in a similar position to the one Wheeler held when he first began harassing Sorenson. Taking these facts in the light most favorable to

---

[1]     The respective analyses of Sorenson's constructive discharge and retaliatory discharge claims are the same under the ADEA and the IHRA. *See Hatheway v. Bd. of Regents of Univ. of Idaho,* 310 P.3d 315, 323 (Idaho 2013).

Sorenson, we conclude that there are triable issues of fact related to whether Sorenson's "working conditions [became] so intolerable that a reasonable person in the employee's position would have felt compelled to resign."[2] *See Pa. State Police v. Suders*, 542 U.S. 129, 141 (2004); *Nolan v. Cleland*, 686 F.2d 806, 813 (9th Cir. 1982) ("Historic discrimination over a number of years [may] provide[] the necessary aggravating factor . . . to justify a constructive discharge."). The constructive discharge inquiry "is normally a factual question for the jury." *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1411 (9th Cir. 1996) (citation omitted). We therefore reverse and remand the district court's order granting summary judgment to Caldwell on Sorenson's constructive discharge claim.

**2.**  The district court did not err by granting summary judgment to Caldwell on Sorenson's retaliatory discharge claim, because he did not raise a triable issue of fact regarding a causal link between his involvement in a protected activity and an adverse employment action. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (concluding a plaintiff must show the following for a prima facie

---

[2]  The district court relied on *Montero*, 192 F.3d at 861, but that case is distinguishable. Here, Sorenson left only one month after the last incident of allegedly harassing behavior and four days after he learned that Wheeler would not be terminated, and Sorenson testified that he had complained for years to Caldwell officials about Wheeler, to no avail. After witnessing Wheeler assault another employee without being terminated, a reasonable co-worker in Sorenson's position might have found the working environment intolerable.

case of retaliation: "(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two"). Sorenson did not allege facts showing that his age-discrimination complaint was a but-for cause of any adverse employment action. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013) (holding the third element of the test requires a plaintiff to show "that his or her protected activity was a but-for cause of the alleged adverse action by the employer."); *Hardage v. CBS Broad. Inc.*, 427 F.3d 1177, 1189 (9th Cir. 2005), *amended on denial of reh'g*, 436 F.3d 1050 (9th Cir. 2006) (concluding that "'snide remarks' and threats, such as 'your number's up' and 'don't forget who got you where you are,'" are not sufficiently serious to constitute retaliatory action); *see also Brooks*, 229 F.3d at 928 ("[O]nly non-trivial employment actions that would deter reasonable employees from complaining about Title VII violations will constitute actionable retaliation."). We affirm the district court's order granting summary judgment to Caldwell on Sorenson's retaliatory discharge claim.

Each party shall bear its own costs.

**AFFIRMED in part, REVERSED in part, and REMANDED.**